FILED
CHARLOTTE, NC

AUG 15 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>MICHELLE WILSHIRE )<br>) | DOCKET NO. 5:23-cr-34-KDB<br><br>**BILL OF INDICTMENT**<br><br>Violations: 18 U.S.C. § 1343<br>26 U.S.C. § 7206(1)<br>18 U.S.C. § 1956(a)(1)(B)(i) |

**THE GRAND JURY CHARGES THAT:**

**INTRODUCTION**

At all times material to this Bill of Indictment:

1. Beginning no later than January 1, 2016, and continuing through on or about July 27, 2021, in and near Conover, Catawba County, North Carolina, MICHELLE WILSHIRE ("WILSHIRE"), Defendant, devised and intended to devise a scheme to defraud and to obtain more than $900,000 and other property from her employer by means of materially false and fraudulent pretenses, representations and promises, and by concealment of material facts, which scheme she executed through interstate wire communications. Then, Defendant—a resident of Conover, North Carolina—filed false U.S. income tax forms on which she willfully omitted income she received from her employer.

2. Company A was a family-owned company located in Conover, Catawba County, North Carolina, within the Western District of North Carolina.

3. Company A used Comdata Inc. ("Comdata") to provide fleet management services for its truck drivers. Comdata was headquartered in Brentwood, Tennessee.

4. Comdata maintained a bank account with Regions Bank and used Regions Bank to conduct financial transactions. Regions Bank was headquartered in Birmingham, Alabama.

5. WILSHIRE was employed by Company A for approximately 15 years. WILSHIRE began as a moving coordinator and was elevated to a Comdata administrator in 2016.

6. Company A used Comdata to issue checks, electronic transfers, and prepaid debit cards to provide its drivers with advance funding and reimbursements for business-related expenses such as fuel, tolls, and labor. Specifically, Comdata offered the following payment solutions for its customers:

a. Comdata "Comchek" was a paper-based money transfer system. A user of a Comdata Comchek would write the individualized authorization code onto the Comchek which was provided to a merchant. The merchant accepting the Comchek would then contact Comdata via interstate telephone call who would authorize the draft whereby the funds were transferred from Regions Bank.

b. A "Comdata Card" was a prepaid debit card. The individual accounts associated with each card were preloaded with funds advanced by Comdata.

c. "Comchek Mobile" was a digital platform that allowed customers to electronically send, receive, and access funds via their Comdata Card through a mobile application. Through Comchek Mobile, customers would transfer or withdraw funds via an ATM transaction, conduct a peer-to-peer transaction, or direct deposit funds into a bank account.

7. Comdata would invoice Company A on a daily basis for any funds advanced to Company A's accounts. Company A would subsequently make wire transfers to Comdata for payment.

8. While she was Company A's Comdata administrator, WILSHIRE was responsible for handling all matters related to Company A's account with Comdata. WILSHIRE's duties included the coordinating of labor expenses including the issuance of checks, electronic transfers, and prepaid debit cards, and ensuring that the requisite funds were loaded onto the prepaid debit cards.

**The Scheme and Artifice to Defraud**

9. Beginning no later than January 1, 2016 and continuing through on or about July 27, 2021, WILSHIRE devised and executed a scheme to defraud and to obtain money from Company A by materially false and fraudulent statements, and by concealment of material facts, which scheme she executed using interstate wire communications, including the following:

    a. Using the Internet and other interstate wire communications between Company A in the Western District of North Carolina and Comdata in Tennessee, WILSHIRE caused Comdata to issue prepaid debit cards in her name and in the name of other Company A employees. This included employees who never used the cards or knew of their existence, former Company A employees who were no longer employed by Company A at the time, and fictitious employees. WILSHIRE then caused Comdata to load funds onto these prepaid debit cards. She subsequently withdrew these funds via cash withdrawals at multiple ATMs in Catawba County and elsewhere. Between on or about November 2, 2017, and on or about July 27, 2021, WILSHIRE withdrew more than $528,000 from prepaid Comdata Cards, which Company A ultimately funded.

    b. WILSHIRE also caused Comdata to issue: (i) checks in her name which she subsequently deposited into her personal checking account at Peoples Bank in

Catawba County, North Carolina between on or about January 6, 2016, and on or about March 22, 2019; and (ii) electronic transfers that were deposited into her personal checking account at Peoples Bank in Catawba County, North Carolina, between on or about September 27, 2017, and on or about August 12, 2021. WILSHIRE used Comdata Comcheks and Comchek Mobile to transfer more than $315,000 into her Peoples Bank checking account during this period, which Company A ultimately funded.

c. Finally, between on or about August 16, 2016, and on or about July 20, 2021, WILSHIRE also caused Comdata to issue electronic transfers that were deposited into a former Company A employee's personal checking account at Peoples Bank in Catawba County, North Carolina without Company A's authorization. WILSHIRE caused more than $58,000 to be transferred to the account of the former employee of Company A, which Company A ultimately funded.

**False Tax Returns**

10. WILSHIRE self-prepared and electronically filed individual federal income tax returns, including IRS Forms 1040, IRS U.S. Individual Income Tax Return, and IRS Form 1040A, U.S. Individual Income Tax Return, for tax years 2017 through 2021. Each tax return contained the Taxpayer Personal Identification Number ("Taxpayer PIN") that WILSHIRE entered as her electronic signature. On those returns, WILSHIRE affirmatively stated that she signed her Tax Returns under the penalty of perjury and stated that her only earned income was that reported by Company A to the IRS on Forms W-2. However, WILSHIRE knew her taxable income for 2017 through 2021 also included the Company A funds she received through Comdata, which funds she willfully omitted from her taxable income. As a result of such additional taxable income, there was additional tax due and owing to the United States of America.

## COUNTS ONE THROUGH SIX

**Violation:** 18 U.S.C. § 1343 (Wire Fraud)

11. Paragraphs 1 through 9 of this Bill of Indictment are hereby realleged and incorporated in Counts One through Six by reference herein.

12. Beginning no later than January 1, 2016, and continuing through on or about July 27, 2021, in Catawba County, within the Western District of North Carolina, and elsewhere, WILSHIRE, with the intent to defraud Company A, devised a scheme and artifice to defraud and to obtain money and property from Company A by materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, as described in this Bill of Indictment.

3

13. On or about the dates listed below for each of Counts One through Six, in Catawba County, in the Western District of North Carolina, and elsewhere, the Defendant,

## MICHELLE WILSHIRE

for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and to obtain money from Company A by materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, did transmit and cause to be transmitted by means of wire communication in interstate commerce any writing, signal, and sound, to wit, Defendant caused each of the electronic transfers described in Counts One through Six as specified below:

| COUNT | DATE | TRANSACTION |
| --- | --- | --- |
| ONE | 10/30/2019 | Electronic load in the approximate amount of $1,000 to Comdata Card # X2385 in the name of a Company A employee. |
| TWO | 05/12/2021 | Electronic load in the approximate amount of $1,053 to Comdata Card # X3365 in the name of a Company A employee. |
| THREE | 02/20/2019 | Comdata Comchek # X9926 electronic draft to WILSHIRE's Peoples Bank Account # X2401 in the approximate amount of $2,000 from Regions Bank. |
| FOUR | 03/22/2019 | Comdata Comchek # X9941 electronic draft to WILSHIRE's Peoples Bank Account # X2401 in the approximate amount of $1,500 from Regions Bank. |
| FIVE | 07/09/2020 | Comchek Mobile electronic transfer to WILSHIRE's Peoples Bank Account # X2401 in the approximate amount of $4,000. |
| SIX | 06/10/2021 | Comchek Mobile electronic transfer to WILSHIRE's Peoples Bank account # X2401 in the approximate amount of $3,000. |

Each count in violation of Title 18, United States Code, Sections 1343.

## COUNTS SEVEN THROUGH ELEVEN

**Violation:** 26 U.S.C. § 7206(1) (Making and Subscribing a False Return)

14. Paragraph 10 of this Bill of Indictment is hereby realleged and incorporated in Counts Seven through Eleven by reference herein.

4

15. On or about the dates listed below in each of Counts Seven through Eleven, in Catawba County, within the Western District of North Carolina, and elsewhere, the Defendant,

**MICHELLE WILSHIRE**

did make and subscribe the IRS Forms 1040, U.S. Individual Income Tax Return, listed in Counts Seven through Eleven below, which income tax returns were signed by WILSHIRE and verified by a written declaration under the penalties of perjury and filed with the Internal Revenue Service, wherein she willfully understated her total income, as described below, despite the fact that, as WILSHIRE then and there well knew and believed, her total income for each of the calendar years below was substantially in excess of the total income claimed on the Tax Returns:

| COUNT | FILING DATE | TAX YEAR | FALSE ITEM | AMOUNTS CLAIMED |
|---|---|---|---|---|
| SEVEN | 02/13/2018 | 2017 | Form 1040A Line 15 - Total Income | $34,500 |
| EIGHT | 01/30/2019 | 2018 | Form 1040 Line 6 - Total Income | $30,600 |
| NINE | 02/22/2020 | 2019 | Form 1040 Line 7(b) - Total Income | $31,200 |
| TEN | 02/25/2021 | 2020 | Form 1040 Line 9 - Total Income | $32,800 |
| ELEVEN | 02/09/2022 | 2021 | Form 1040 Line 9 - Total Income | $30,476 |

Each Count in violation of Title 26, United States Code, Section 7206(1).

## COUNTS TWELVE THROUGH THIRTEEN

**Violation:** 18 U.S.C. § 1956 (a)(1)(B)(i) (Concealment Money Laundering)

16. Paragraphs 1 through 9 and Counts One through Six of this Bill of Indictment are hereby realleged and incorporated in Counts Twelve through Thirteen by reference herein.

5

17. On or about the dates listed below, in Catawba County, within the Western District of North Carolina, and elsewhere, the Defendant,

**MICHELLE WILSHIRE**

did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, said transactions involved the proceeds of a specified unlawful activity, that is the wire fraud scheme described in the Introduction and Counts One through Six of this Bill of Indictment.

18. WILSHIRE knew that said transactions were designed in whole and in part to conceal and disguise the nature, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction WILSHIRE knew that the property involved in each financial transaction represented the proceeds of some form of unlawful activity, as specified below:

| COUNT | DATE | DESCRIPTION of CONCEALMENT OF PROCEEDS |
|---|---|---|
| TWELVE | 10/30/2019 | Electronic load in the approximate amount of $1,000 to Comdata Card # X2385 in the name of a Company A employee, and ATM cash withdrawal in the approximate amount of $600. |
| THIRTEEN | 05/12/2021 | Electronic load in the approximate amount of $1,053 to Comdata Card # X3365 in the name of a Company A employee, and ATM cash withdrawal in the approximate amount of $1,003. |

All in violation of Title 18 United States Code Sections 1956(a)(1)(B)(i) and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

19. Notice is hereby given of the provisions of Title 18, United States Code, Section 981 and 982, 21 United States Code, Section 853, and 28 United States Code, Section 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to Title 18, United States Code, Section 981 and all specified unlawful activities listed or referenced in Title 18, United States Code, Section 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Sections 981, 982, 853, and/or 2461:

   a. All property which constitutes or is derived from proceeds traceable to the wire fraud violations alleged in Counts One through Six of this Bill of Indictment;

b. All property involved in such violations or traceable to property involved in the violations alleged in Counts Twelve and Thirteen of this Bill of Indictment; and

c. In the event that any property described in (a) or (b) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the Defendant, to the extent of the value of the property described in (a) and (b).

20. The Grand Jury finds probable cause that the following properties are subject to forfeiture on one or more of the grounds stated above:

a. A forfeiture money judgment in the amount of $903,122 such amount constituting the proceeds of the scheme to defraud alleged in the Introduction and Counts One through Six and Counts Twelve and Thirteen of this Bill of Indictment.

A TRUE BILL:

DENA J. KING
UNITED STATES ATTORNEY

Michael E. Savage
Assistant United States Attorney

Eric A. Frick
Special Assistant United States Attorney